WILLIAM E. SMITH, plaintiff in error, *vs.* GEORGE M. LAWTON, defendant in error.

When an attachment had been sued out in favor of the plaintiffs therein, against a defendant, who was afterwards declared a bankrupt, and a motion was made to make the assignee of said bankrupt a party plaintiff in the attachment suit, in the place and stead of the original plaintiffs in attachment, which motion was refused by the Court: *Held*, that there was no error in the judgment of the Court, in refusing to allow the assignee of the bankrupt to be made a party plaintiff in the attachment suit.

Amendment. Bankruptcy. Decided by Judge JAMES M. CLARK. Dougherty Superior Court. December Term, 1868.

Lathrop, Cady & Burtis sued out attachment in said Court against William W. Kendrick, and had garnishment thereon served upon said Lawton. Before judgment thereon against Kendrick, and while the attachment was pending, he had been adjudged a bankrupt in the District Court of the United States, upon the petition of his creditors. William E. Smith had been duly appointed assignee in bankruptcy of Kendrick's estate, and the same had been duly assigned to him as assignee in bankruptcy. By consent of Lathrop, Cady & Burtis, said assignee moved the said Superior Court to allow him, as such assignee, to be made a party plaintiff in said attachment, in the room and stead of said firm. The firm had proved its claim against Kendrick in the Court of Bankruptcy, and the assignee's object, as stated, was to get judgment, and collect out of the garnishee what he owed Kendrick.

The Court overruled the motion, and this is assigned as error.

STROZIER & SMITH, D. A. VASON, for plaintiff in error.

WRIGHT & WARREN, HINES & HOBBS, for defendant.

WARNER, J.

It appeared, from the record in this case, that an attachment suit was pending in the Superior Court of Dougherty county, in favor of Lathrop, Cady & Burtis, against Kendrick, defendant in attachment, and a summons of garnishment had been served upon Lawton to answer as to his indebtedness to Kendrick, the defendant in attachment. It also appears that Kendrick had been adjudged a bankrupt, under the provisions of the Bankrupt Act of Congress and that Smith had been appointed the assignee of the bankrupt's estate. A motion was made in the Court below, to make Smith, the assignee of the bankrupt, a party plaintiff in the attachment suit, in the place and stead of the original parties plaintiffs therein, which motion was refused, and that is now assigned for error here. We are not aware that any clause of the Bankrupt Act confers upon the assignee of the bankrupt the right to come into the State Courts and be made a party plaintiff, in the place and stead of a plaintiff who is prosecuting his claim *against* the bankrupt, even with such plaintiff's consent. The assignee is the representative of the bankrupt's estate, but he is not the representative of the plaintiff in attachment. The interest of the attachment creditor, and that of the assignee in the bankrupt's estate, might be directly antagonistic to each other; besides, to allow the assignee to be made a party plaintiff, as is sought to be done here, might seriously interfere with the administration of justice in the State Courts. The assignee is clothed with ample power under the provisions of the Bankrupt Act, to reach the bankrupt's estate, but he is not clothed with power, under that act, to come into the State Courts, and be made a party plaintiff in the place and stead of those who claim rights and interests *against* the bankrupt. The assignee can prosecute and defend suits in the name of *the bankrupt,* but

not in the name of *other parties.* If the bankrupt had instituted a suit for the recovery of property in his own right, before he became a bankrupt, the assignee might then have been made a party to such suit, and so he might be admitted to defend a suit being prosecuted against the bankrupt: See general clause 53, section 14 of the Bankrupt Act, 1867. But by what authority, or upon what principle of law, the assignee can be admitted to be substituted as a *party plaintiff against* the bankrupt, whose estate and interest *he* represents, we have not been able to discover. Whether this attachment was *dissolved* under the 14th section of the Bankrupt Act, general clause 46, the record does not furnish the dates, so as to enable us to determine; but that point was not made on the argument, and we express no opinion in regard to that question. In view of the facts of this case, we shall not control the discretion of the Court below, in refusing to allow the assignee of the bankrupt to be made a party plaintiff in the attachment suit, pending in that Court, against the bankrupt.

Let the judgment of the Court below be affirmed.